# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RONALD SCHEXNAYDER, SR.**                                             **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:24-cv-44-TBM-RPM**

**JUDGE ALAN GOODMAN** *et al.*                                            **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ronald Schexnayder, Sr., who is proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] under 28 U.S.C. § 1983 challenging his state court workers' compensation decision. Schexnayder asserts that he was "denied a fair hearing" and that Administrative Law Judge ("ALJ") Alan Goodman "misread and misinterpreted" his medical records and "misjudge[d] the credibility." [1], p. 6. Schexnayder also claims that he was denied due process of law, that the ALJ's decision was unfounded, and the ALJ erred in not recusing himself. *Id.* at pps. 6, 8-11. After the ALJ dismissed Schexnayder's worker's compensation claim, Schexnayder did not appeal to the Mississippi Supreme Court. [14], p. 2. Neither did Schexnayder file a timely charge with the Equal Employment Opportunity Commission ("EEOC") nor timely initiate an action after receiving his right-to-sue letter from the EEOC. *Id.* at p. 4. Accordingly, United States Magistrate Judge Robert P. Myers entered a Report and Recommendation [14] on September 10, 2024, recommending the dismissal of Schexnayder's Complaint [1] without prejudice for lack of subject matter jurisdiction and for failure to exhaust administrative remedies. *Id.* at p. 5. Schexnayder timely filed an Objection [15] on September 18, 2024. The Court finds that Schexnayder's Objection [15] should be overruled, and the Report and Recommendation [14] should be adopted as the opinion of the Court.

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). But, the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Here, Schexnayder does not specifically object to the Report and Recommendation that this action be dismissed for lack of subject matter jurisdiction and failure to exhaust. The Magistrate Judge found that the Court lacks subject matter jurisdiction because Schexnayder cannot collaterally attack, in federal court, a state court workers' compensation decision that he did not appeal. [14], p. 2 (citing *McFadden v. Abston*, No. 3:06-cv-324-HTW-LRA, 2013 WL 12412431, at *16 (S.D. Miss. Sept. 30, 2013); MISS. CODE ANN. § 71-3-9). In fact, Schexnayder concedes that he did not appeal the ALJ's decision to the Mississippi Supreme Court because there

is "no guarantee of a favorable result." [15], p. 1. Through his Objection, Schexnayder merely reasserts the allegations within his Complaint [1] and a prior Motion to Appoint Counsel [4],[1] that the Court ought to appoint counsel to represent him in this civil matter and that the ALJ erred in his decision. *Id.* at pps. 2-5. Because Magistrate Judge Myers thoroughly considered both arguments in his Report and Recommendation,[2] Schexnayder's Objections "are repetitive of the arguments already made to the magistrate judge," and *de novo* review is not warranted. *Hernandez*, 495 F. App'x at 416. Upon finding no error in Magistrate Judge Myer's Report and Recommendation, this Court "need not make new findings or reiterate the findings of the magistrate judge." *Id.*

IT IS THEREFORE ORDERED AND ADJUDGED that Schexnayder's Objection [15] to the Report and Recommendation is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that Schexnayder's Motion to Enter Additional Evidence [17] is DENIED.

---

[1] Subsequent to filing his instant Objection [15] to the Report and Recommendation, Schexnayder filed two more Motions to appoint counsel [16], [17], both of which Judge Myers denied in a February 7, 2025, Order [21]. The Court also construes Schexnayder's Motion [17] as a Motion to Enter Additional Evidence, to which Schexnayder attaches a letter from the Mississippi Commission on Judicial Performance, informing Schexnayder that it found no judicial misconduct by Judge Goodman. [17-1], p. 1. Additionally, Schexnayder attaches several letters he sent to the Commission containing his allegations against Judge Goodman, and a letter from a law firm declining to represent him. *Id.* at pps. 2-9, 13.

"[T]he Court [] has the discretion to accept or reject new evidence to the extent objections refer to new evidence and arguments not presented to the Magistrate Judge. *Guilbeau v. Schlumberger Tech. Corp.*, 719 F. Supp. 3d 702, 711 (W.D. Tex. 2024). And districts courts are not "compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). To the extent that Schexnayder seeks to enter evidence concerning Judge Goodman's alleged misconduct and his inability to find a lawyer to represent him, this is evidence of arguments that were already before Judge Myers prior to the entry of the Report and Recommendation. Therefore, the Court denies the Motion to Enter Additional Evidence [17].

[2] Schexnayder blames his failure to appeal the ALJ's ruling on his inability to secure counsel to file an appeal on his behalf. But as Judge Myers pointed out, an indigent party in a civil rights lawsuit is not entitled to court-appointed counsel unless the case presents truly exceptional circumstances. [7], p. 2.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [14] entered by United States Magistrate Judge Robert P. Myers on September 10, 2024, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that this CASE is DISMISSED WITHOUT PREJUDICE.

THIS, the 24th day of March, 2025.

                                              **TAYLOR B. McNEEL**
                                              **UNITED STATES DISTRICT JUDGE**